FILED
2005 Aug-26 AM 08:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

2005 AUG 25 AM 11:49

LUCIUS WRIGHT, JR.,

Plaintiff,

vs.

BIRMINGHAM-SOUTHERN RAILROAD COMPANY, a corporation,

Defendant.

CIVIL ACTION NO. 2:05-CV-1801-VEH

## COMPLAINT FOR DAMAGES

COMES NOW, Lucius Wright, Jr., plaintiff in this action, and files his complaint for damages against defendant, Birmingham-Southern Railroad Company, a corporation, as follows:

## PARTIES, JURISDICTION AND VENUE

1. This is a Federal Employers' Liability Act case brought pursuant to Title 45 U.S.C., Section 51, *et. seq*. This Court has jurisdiction pursuant to Title 45 U.S.C., Section 56, which vests concurrent jurisdiction to both the state and federal courts for actions arising under the FELA.

2. The plaintiff, Lucius Wright, Jr., is an individual resident of Bessemer, Alabama.

3. The defendant, Birmingham-Southern Railroad Company, a corporation, is a corporation which does substantial business in the Northern District of Alabama, Southern Division. Birmingham-Southern Railroad Company, a corporation, is a common carrier by railroad engaged in the business of operating a railroad in interstate

commerce for hire.

4. At all times referred to herein, the plaintiff was an employee of the defendant, Birmingham-Southern Railroad Company, a corporation, and was acting within the line and scope of his employment for the defendant. The plaintiff's duties of employment for the defendant were in the furtherance of interstate commerce or directly or closely and substantially affected such interstate commerce.

**FACTS**

5. On May 5, 2005, the plaintiff was a carman engaged in adjusting doors on the bottoms of hopper cars of the defendant, Birmingham-Southern Railroad Company, a corporation, at its premises in Jefferson County, Alabama.

6. The plaintiff and his co-worker were laying under a hopper car in a cramped position. The plaintiff was required to lie on his back and to push a pipe wrench with his left foot due to the fact that the workplace under the car was so inadequate.

7. While the plaintiff was in such a cramped position under the car, pushing the pipe wrench with his left foot, he was injured and damaged as follows: His left knee was injured and damaged and was permanently injured and permanently damaged; he was caused to have radical surgery on his left knee; his left leg was permanently injured and damaged and weakened; he was caused to suffer great physical pain and mental anguish and will be caused to suffer great physical pain and mental anguish in the future; he lost wages from his employment for a long period of time and his power and capacity to work and earn money in the future has been permanently impaired; his musculoskeletal system was injured and damaged and was permanently injured and permanently damaged; he was unable to carry out his usual and normal activities of life

for a long period of time and his power and capacity for carrying out and engaging in his usual and normal activities of life in the future was permanently impaired; and he was otherwise injured.

## FIRST CAUSE OF ACTION

8. Plaintiff avers that all of his aforesaid injuries and damages were caused, in whole or in part, by the negligent failure of the defendant railroad company, to provide the plaintiff with a reasonably safe place to do his work and labor for the defendant.

## SECOND CAUSE OF ACTION

9. Plaintiff avers that the defendant railroad company negligently violated the requirement of Title 45, U.S.C., Section 51, by negligently requiring the plaintiff to work at a fast pace in the said cramped position under the car.

## DAMAGES

10. The plaintiff avers that as a result, in whole or in part, of the defendant's negligence, he has suffered and seeks to recover for the following special injuries and damages:

(a) Past lost wages and benefits;

(b) Future lost wages and benefits;

©) Permanent impairment of his ability to earn a living;

(d) Past medical expenses;

(e) Future medical expenses.

11. The plaintiff avers that as a result, in whole or in part, of the defendant's negligence, he has suffered and seeks to recover for the following general injuries and

damages:

(a) Past physical pain and mental anguish;

(b) Future physical pain and mental anguish;

©) Permanent physical disability;

(d) Inability to carry out and enjoy the usual and normal activities of life.

12. The plaintiff seeks to recover an adequate award that will fully and fairly compensate him for his special and general damages. Because of the severity of his injuries, the plaintiff claims fair compensation in excess of Three Million Dollars ($3,000,000.00).

**JURY DEMAND**

12. The plaintiff demands a trial by jury.

WHEREFORE, the plaintiff prays for a trial by jury, that summons issue, that judgment be entered in favor of him and against the defendant and that the following relief be granted:

(a) That the plaintiff be awarded special and general damages in an amount to fully and fairly compensate him for his injuries;

(b) That the cost of this action be assessed against the defendant; and

(c) That this Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

By: [signature]
FRANK O. BURGE, JR.
F. TUCKER BURGE

BURGE & BURGE
850 Park Place Tower
Birmingham, AL 35203
Telephone: 205-251-9000
E-mail: BS@Burge-Law.com

ATTORNEYS FOR THE PLAINTIFF

**PLAINTIFF'S ADDRESS**:

5007 5th Street, North
Lipscomb, Alabama 35020

**DEFENDANT'S ADDRESS**:

Birmingham-Southern Railroad Company
c/o its agent for service of process
Prentice Hall Corporation Systems
57 Adams Avenue
Montgomery, AL 36104