IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUCIUS WRIGHT, JR.,                    ) | |
|                                        ) | |
|    Plaintiff,            ) | |
|                                        ) | |
| v.                                     ) | |
|                                        ) | CIVIL ACTION NO. |
| BIRMINGHAM SOUTHERN                    ) | 2:05-CV-1801-VEH |
| RAILROAD COMPANY,                      ) | |
| a corporation,                         ) | |
|                                        ) | |
|    Defendant.            ) | |

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION TO RECONSIDER

**I.    INTRODUCTION**

Pending before the court is the March 9, 2007 Motion to Reconsider (Doc. #18), filed by Defendant Birmingham Southern Railroad Company ("BSRR") as to the memorandum opinion and order (Doc. #17) entered on February 23, 2007, denying BSRR's Motion for Summary Judgment (Doc. #11) as to Plaintiff Lucius Wright's ("Wright") Federal Employers' Liability Act ("FELA") claim.  For the reasons set forth below, BSRR's Motion to Reconsider is **DENIED**.

**II.   APPLICABLE LAW**

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly.

*See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003);[1] *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of AL, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); *see also Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."); *Lazo v. Washington Mutual Bank*, No. 00-55205, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied when record shows that movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, No. 01-3752, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest

---

[1]District court decisions, even from judges within this district, are not controlling authority, but rather are persuasive authority for this Court to consider.

2

errors of law or fact or to present newly discovered evidence.").

Likewise, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider when movant advances several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar);[2] *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999) (same).

More specifically regarding BSRR's Motion to Reconsider, "[t]he purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998). "Finally Linet appeals the district court's denial of his motion to amend or alter the final judgment under Federal Rule of Civil Procedure 59(e). Linet's motion to the district court urged it to reconsider its ruling because Linet disagreed with the district court's treatment of certain facts and its legal conclusions. His motion was essentially a motion to reconsider the district court's prior summary judgment order. Linet however cannot

---

[2]This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005).

use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. *See Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir.1998); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

In sum, Rule 59(e) motions may be granted (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct a clear error or prevent manifest injustice. *Cover v. Wal-Mart Stores Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993); *see also In re Kellogg*, 197 F.3d 1116 (11th Cir. 1999) ("The only grounds for granting Kellogg's motion are newly discovered evidence or manifest errors of law or fact."); *American Home*, 763 F.2d at 1239 ("In short, any error that may have been committed is not the sort of clear and obvious error which the interests of justice demand that we correct."). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." Wright, Miller & Kane, *op. cit.*, § 2810.1 at 128. Finally,"[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *Futures Trading Comm'n v. American Commodities Group,* 753 F.2d 862, 866 (11th Cir.1984); *McCarthy v. Mason*, 714 F.2d 234, 237 (2d Cir. 1983); *Weems v.*

*McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980).[3]" *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*,763 F.2d 1237, 1238-39 (11th Cir. 1985); *see also Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (same).

### III.   ANALYSIS

After giving BSRR's motion in depth consideration and evaluating the controlling case law regarding Rule 59(e) motions, the court determines that no adequate grounds exist to justify a reconsideration of its prior ruling denying summary judgment on Wright's FELA claim.  BSRR's Motion to Reconsider generally states that the court's decision on summary judgment contains "manifest errors of law or fact."  (Doc. #18 at 1).   As other courts have noted in this context, clear error exists "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also, e.g., Idaho AIDS Foundation, Inc. v. Idaho Housing & Fin. Ass'n*, No. CV-04-155-S-BLW, 2006 WL 1897226, at *3 (D. Idaho July 11, 2006) (applying *Gypsum* clear error standard in rejecting motion for reconsideration); *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (same); *Reich v. Compton*, 834 F.

---

[3]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Id.* at 1209.

Supp. 753, 755 (E.D. Pa. 1993) ("[A]ny litigant considering bringing a motion to reconsider based upon . . . [clear error and manifest injustice] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant."), *reversed in part, affirmed in part, and remanded for further proceedings on other grounds by Reich v. Compton*, 57 F.3d 270 (3d Cir. 1995).

### A. BSRR's Case Law Challenges

BSRR's primary point on reconsideration is that the court's opinion is inconsistent with *Oden v. Norfolk Southern Railway Co.*, No. 96-P-111-S, 1997 WL 842407 (N.D. Ala. Nov. 25, 1997), in which the district court determined in a Title VII case:

> In light of the Public Law Board's determination that Oden was properly terminated for making false accusations against a co-worker, this court concludes that no reasonable jury could find that Norfolk's proffered reasons for termination were pretextual.

*Id.* at *4. The court went on to explain that the plaintiff's evidence of pretext was insufficient for a variety of reasons, and finally concluded: "Oden has submitted no credible evidence of discriminatory intent by her employer." *Id.* What BSRR argues is that, in light of *Oden*, Wright is unable to recover any post-termination damages under FELA because of the unfavorable administrative collective bargaining agreement ("CBA") grievance ruling he received under the Railway Labor Act

("RLA"). Another case upon which BSRR relies is *Henry v. Delta Air Lines*, 759 F.2d 870 (11th Cir. 1985), which stands for the proposition that a review of a decision reached under the RLA is extremely limited.

Neither the *Oden* nor the *Henry* decision establishes that this court's ruling on summary judgment amounts to clear error or manifest injustice. *Oden* is a non-binding district court decision on a Title VII claim. *Henry* involves a plaintiff seeking to relitigate an unfavorable outcome under the RLA. Accordingly, neither opinion expressly addresses the impact that an unfavorable grievance determination under the RLA has on a plaintiff's ability to litigate a FELA claim.

Apart from *Oden's* inapplicability as a Title VII case and *Henry's* as a RLA case, BSRR's reasoning also seems at odds with United States Supreme Court precedent in *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994), which addressed preemption of a FELA claim by application of the RLA:

> The railroad argued that, because the alleged injury resulted from conduct that was subject to the CBA, the employee's sole remedy was through RLA arbitration. The Court unanimously rejected this argument, emphasizing that the rights derived from the FELA were independent of the CBA:
>
>> 'The fact that an injury otherwise compensable under the FELA was caused by conduct that may have been subject to arbitration under the RLA does not deprive an employee of his opportunity to bring an FELA action for damages. . . . The FELA not only provides railroad workers with

7

>substantive protection against negligent conduct that is independent of the employer's obligations under its collective-bargaining agreement, but also affords injured workers a remedy suited to their needs, unlike the limited relief that seems to be available through the Adjustment Board. It is inconceivable that Congress intended that a worker who suffered a disabling injury would be denied recovery under the FELA simply because he might also be able to process a narrow labor grievance under the RLA to a successful conclusion.' 480 U.S., at 564-565, 107 S. Ct., at 1415.

*Norris*, 512 U.S. at 258-59.

Therefore the *Norris* decision makes it clear that an unfavorable CBA ruling pursuant to the RLA does not bar or preempt Wright's pursuit of a remedy under FELA generally. Moreover, BSRR has not pointed out a controlling case that would prohibit Wright from seeking damages under FELA post-termination in the context of a prior unfavorable CBA grievance outcome. The issue of cutting off Wright's damages post-termination may be better dealt with at the Rule 50 stage after a presentation of all the evidence.

### B. BSRR's Evidentiary Challenges

The other challenges raised by BSRR on reconsideration merely rehash old arguments about the sufficiency of Wright's evidence. These recycled positions, in the court's discretion, are insufficient to warrant a revisiting of the order denying summary judgment. "[M]otions to reconsider are not a platform to relitigate

8

arguments previously considered and rejected." *See Lazo v. Wash. Mut. Bank*, No. 00-55205, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *Am. Marietta Corp. v. Essroc Cement Corp.*, No. 01-3752, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

### IV.   CONCLUSION[4]

This court is not persuaded that it erred in denying summary judgment in favor of BSRR on Wright's FELA claim. Therefore, *a fortiori*, the court's prior decision does not meet the standard of "clear error" or "manifest injustice." Moreover, none of the issues raised by BSRR rises to the level of what this court believes, in its discretion, a Rule 59(e) motion must present in order to afford the moving party relief from a judgment. Therefore, based on the foregoing, BSRR's Motion to Reconsider is **DENIED**.

**DONE** and **ORDERED** this 12th day of March, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4] Because BSRR has not met any of the threshold considerations applicable to Rule 59(e) motions, it is unnecessary for the court to address the substance of each specific argument raised by it and repetitively recover ground that it has already addressed in its ruling on summary judgment.